# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SHAVERS,<br>        Plaintiff,<br>    v.<br>MICHAEL MURPHY,<br>        Defendant. | Case No. 16-cv-05421-DMR<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Cynthia Shavers filed a complaint along with an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] Plaintiff then filed an amended complaint. [Docket No. 10]. The court granted Plaintiff's IFP application and dismissed the complaint and the amended complaint with leave to amend to remedy the deficiencies noted in the order. [Docket No. 12.] Plaintiff timely filed a second amended complaint. [Docket No. 15 ("SAC").] For the following reasons, the court dismisses the second amended complaint ("SAC") with leave to amend.

## I.    LEGAL STANDARD

The court is under a continuing duty to dismiss a case filed without the payment of the filing fee under 28 U.S.C. § 1915(a) whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A court may dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Where the complaint has been filed by a pro se plaintiff, such as here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quotation omitted), *superseded on other grounds by statute, as recognized in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc); *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

## II. DISCUSSION

Plaintiff provides slightly different information in the complaint, amended complaint, and SAC. Construing them together, Plaintiff alleges that an incident occurred in December 2014 which involved family members and others. She attempted to intervene, and was subsequently arrested and placed in custody. She was released on $30,000 bail, and no charges were filed. Plaintiff alleges that on March 24, 2015, she was re-arrested and placed in custody for the "same charges," but did not "receive any paperwork." SAC at 5. Plaintiff was released on $80,000.00 bail. Complaint at 5. There were no criminal charges filed in connection with Plaintiff's second arrest. *Id.* Plaintiff alleges a violation of her Fourth Amendment rights. Complaint at 2. She seeks $150,000 in damages for pain and suffering, lost wages, loss of her job, depression, the bail posted for both arrests, and punitive damages. SAC at 6.

The court notes that Plaintiff filed an earlier case that seems to be about the same March 24, 2015 arrest discussed in the current case. *See Shavers v. Seven Unknown Named Officers of the United States Marshals Office*, 4:16-cv-00957-DMR. In that lawsuit, Plaintiff alleged that she was unlawfully arrested and detained on March 24, 2015 by seven unnamed U.S. Marshals. Plaintiff voluntarily dismissed that case.

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a

2

plaintiff must allege two elements: 1) that a right secured by the Constitution or laws of the United States was violated and 2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

The court explained in its earlier order that the only named defendant is Oakland Police Department Officer Michael Murphy ("Murphy). The court ruled that Plaintiff had failed to state a Section 1983 claim because she had not provided any facts connecting Murphy to the alleged violation of her constitutional rights. *See* 2/13/17 Order at 2-3 [Docket No. 12]. The court dismissed the complaint and amended complaint with leave to amend to correct the deficiencies.

In the SAC, Plaintiff again names Murphy as the sole defendant. The SAC still fails to explain what Murphy allegedly did to violate Plaintiff's constitutional rights. For example, if Plaintiff believes she was wrongfully arrested by Murphy, she must specifically say so in her amended pleading. As it stands, the court has no way to determine how or whether Murphy was involved in either of the two arrests that are the subject of Plaintiff's lawsuit.

Additionally, in her amended complaint, Plaintiff stated that her prior lawsuit was against the wrong agency, and she later found out that her claim should be against the Oakland Police Department. Amended Complaint at 5 [Docket No. 10]. However, the SAC only names Murphy as a defendant. Does Plaintiff believe that the Oakland Police Department was involved? If so, then how?

Because Plaintiff is pro se and it is not entirely clear that further amendment would be futile, the court dismisses the SAC with **one final opportunity** to amend. The court instructs Plaintiff that in her third amended complaint, she must state <u>all facts</u> upon which Plaintiff bases her claims, and address the deficiencies noted in this order. Failure to do so will result in the denial of further leave to amend and dismissal of the entire action.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's SAC is dismissed with leave to amend to remedy the deficiencies noted in this order. Plaintiff must file a third amended complaint by no later than **May 15, 2017.** Any third amended complaint has to stand on its own. It cannot refer to the

3

complaint, the amended complaint, or the second amended complaint that Plaintiff filed in this case. Failure to file a third amended complaint by **May 15, 2017** may result in this action being dismissed for failure to prosecute.

The court again refers Plaintiff to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

**IT IS SO ORDERED.**

Dated: April 28, 2017



_____
Donna M. Ryu
United States Magistrate Judge