UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SHAVERS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL MURPHY,<br><br>    Defendant. | Case No. 16-cv-05421-DMR<br><br>**ORDER ON PLAINTIFF'S THIRD AMENDED COMPLAINT; ORDER DIRECTING CLERK OF COURT TO ISSUE SUMMONS AND U.S MARSHALS TO SERVE DEFENDANT WITH SUMMONS AND THIRD AMENDED COMPLAINT** |

Plaintiff Cynthia Shavers filed a complaint along with an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] Plaintiff then filed an amended complaint. [Docket No. 10]. The court granted Plaintiff's IFP application and dismissed the complaint and the amended complaint with leave to amend. [Docket No. 12.] Plaintiff thereafter filed a second amended complaint, which the court dismissed with leave to amend. [Docket Nos. 15, 16]. Plaintiff has now filed a timely third amended complaint ("TAC"). [Docket No. 17 ("TAC")]. For the reasons contained herein, the court finds that the TAC sufficiently states a claim for the purposes of 28 U.S.C. § 1915(a). The court orders the Clerk of the Court to issue summons and the U.S. Marshals to serve the summons and the TAC on Defendant.

**I.  LEGAL STANDARD**

The court is under a continuing duty to dismiss a case filed without the payment of the filing fee under 28 U.S.C. § 1915(a) whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A court may dismiss a complaint where it is based solely

on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Where the complaint has been filed by a pro se plaintiff, such as here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quotation omitted), *superseded on other grounds by statute, as recognized in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc); *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

## II. BACKGROUND

In the TAC, Plaintiff asserts a claim for relief under 42 U.S.C. § 1983 against Defendant Officer Michael Murphy ("Murphy") of the Oakland Police Department. According to Plaintiff, Murphy signed the affidavit for the arrest warrant which resulted in her false arrest on March 24, 2015, knowing that the District Attorney ("DA") had declined to press charges against Plaintiff. *Id*. at 4. Plaintiff alleges that Murphy was intentionally harassing her. *Id*. at 5. Plaintiff seeks monetary damages including $150,000.00 in punitive damages, and compensation for pain and suffering and lost wages. TAC at 8.

Although the court's review of the TAC is limited to its allegations, the court briefly summarizes the allegations in Plaintiff's prior pleadings to provide background for the allegations against Murphy in the TAC.

In her prior pleadings, Plaintiff alleges that an incident occurred in December 2014 which involved family members and others. She attempted to intervene, and was subsequently arrested and placed in custody. Plaintiff was thereafter released on $30,000 bail.

According to the TAC, following the December 2014 arrest, Plaintiff contacted the DA numerous times in January 2015 attempting to exonerate herself. TAC at 4. The DA eventually declined to press charges. TAC at 5.

Then, on March 23, 2015, a number of officers appeared at Plaintiff's sister's house with

the intention of arresting Plaintiff for violation California Penal Code Section 1399[1]. TAC at 5. Plaintiff spoke with the officers because she was concerned about the arrest warrant and was out on bail. *Id.* Plaintiff declined to give her address to the officers until she contacted her bail bonds person. *Id.* Plaintiff then contacted the DA and the Sheriff's Office about the arrest warrant. *Id.* The DA mentioned that Plaintiff's case was "rejected" and that no further information was needed from Plaintiff. TAC at 6.

On March 24, 2015, Plaintiff got off work and was driving toward the highway on her way to another job when she was pulled over by five cars of officers. *Id.* at 6. The officers asked Plaintiff to state her name and told her to exit her car. *Id.* The officers handcuffed Plaintiff and searched her car. *Id.* The officers said they had an arrest warrant, so Plaintiff asked to see it. *Id.* The officers, however, did not present the arrest warrant to Plaintiff. *Id.* Plaintiff was then taken to Santa Rita County jail without an arrest warrant. *Id.* Because the officers did not have an arrest warrant, the officers made a telephone call to have the arrest warrant faxed over to the jail. *Id.* Plaintiff was then booked, but thereafter posted $80,000.00 bail. *Id.*

On March 26, 2015, Plaintiff appeared in court, but the judge never called Plaintiff's case. TAC at 6. Plaintiff and the bailiff then called the DA's office. TAC at 6-7. The DA's office repeatedly told Plaintiff and the bailiff that Plaintiff's cases were rejected and that the office did not know why Plaintiff was arrested on March 24, 2015. TAC at 7.

### III. DISCUSSION

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two elements: 1) that a right secured by the Constitution or laws of the United States was violated and 2) that the alleged violation was committed by a person acting under the

---

[1] The court has searched for, but cannot locate California Penal Code Section 1399, so it remains unclear what the underlying Penal Code violation was.

3

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Applying these principles, Plaintiff has now provided enough facts to allege a Section 1983 claim. Liberally construing the allegations in the TAC, Plaintiff alleges that her Fourth Amendment right to be free from unlawful searches and seizures was violated by Murphy when he signed an arrest warrant, knowing the DA's office declined to press charges against Plaintiff, which resulted in Plaintiff's false arrest on March 24, 2015. Accepting these allegations as true, Plaintiff appears to state a cognizable claim for a Fourth Amendment violation. *See Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1295 (9th Cir. 1999) (explaining that under *Franks v. Delaware*, 438 U.S. 154 (1978), a police officer violates the Fourth Amendment if he "recklessly or knowingly includes false material information in, or omits material information from, a search warrant affidavit," otherwise known as a "*Franks* claim") (citations omitted); *see also Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir. 1991) (police officers can held be liable under section 1983 for a *Franks* claim "if they made false reports to the prosecutor, omitted material information from the reports, or otherwise prevented the prosecutor from exercising independent judgment").

Therefore, Plaintiff has sufficiently pleaded a 1983 claim for violation of the Fourth Amendment to allow the TAC to be served on Murphy.

## IV. CONCLUSION

For the reasons above, the court finds that the TAC sufficiently states a claim for relief against the defendant. The court directs the Clerk of the Court to issue summons, and orders that the U.S. Marshal for the Northern District of California serve, without prepayment of fees, a copy of the complaint, any amendments, scheduling orders, attachments, Plaintiff's affidavit and this order upon the Defendant.

**IT IS SO ORDERED.**

Dated: May 30, 2017

_____
Donna M. Ryu
United States Magistrate Judge